## Commonwealth v. Stish

Before Flannery, Pinola and Lewis, JJ.

*Thomas F. Gill,* for plaintiff.

*Louis G. Feldmann* and *Richard A. Kane,* for defendant.

PINOLA, J., September 19, 1960.—The Commonwealth of Pennsylvania has brought suit against Robert W. Stish for maintenance of his father while the latter was confined in the Hazleton State Hospital.

Defendant filed a number of preliminary objections in the nature of a demurrer and alternatively requesting a more specific pleading. We shall discuss them in the order in which they are raised.

### Discussion

Defendant complains:

"Nowhere in the plaintiff's Complaint does it state how and under what circumstances the defendant became legally liable to the plaintiff."

The complaint states that plaintiff owns and operates the Hazleton State Hospital and that the father of defendant was a patient therein from August 28, 1955, to February 11, 1960, resulting in a debt of $12,015.50, and in paragraph 5 of the complaint it is averred that defendant is legally able to pay for such maintenance. The Commonwealth relies on the Act of June 1, 1915, P. L. 661, sec. 3, as amended, 71 PS §1783, which reads as follows:

"The . . . children of any person who is an inmate of any asylum, hospital, home, or other institution, maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able so to do, shall be liable to pay for the maintenance of any such person . . ."

Defendant's liability under this section is clear and the mere fact that the complaint does not set forth the act of assembly under which the action is brought does not make it defective if the facts relied upon bring the

case within the statute: Commonwealth v. Paulaski, 43 Lack. Jur. 92.

Defendant's second objection is that:

"Nowhere in the plaintiff's Complaint is it averred that the defendant is the sole person indebted to the plaintiff."

As we read the statute, it is nowhere indicated that the person sought to be charged need be the only one liable. The only limitation is that he must be legally able to pay. The Commonwealth is not obliged to follow any order in bringing suit: In Re Youngblood, 78 D. & C. 370.

Objection no. 3 is that:

"Nowhere in the plaintiff's Complaint is it averred that the defendant was sui juris at the time these debts were incurred."

At argument counsel raised the question of defendant's liability under the statute for expenses incurred by his father during defendant's minority.

Under Pa. R. C. P. 1030, infancy is an affirmative defense and must either be pleaded in the body of the answer or under new matter. It cannot be considered on preliminary objection: 4 Standard Pa. Practice (Revised) §111, p. 187.

Objection no. 4, in the nature of a demurrer, and objections 1, 2, 4 and 4(a) in defendant's motion for a more specific pleading, all relate to the Commonwealth's failure to pursue this action against defendant's father.

The law is well settled that the liability imposed by section 3 of the Act of 1915, supra, upon relatives "is direct and wholly independent of the inmate's common law liability which Section 1 of the Act declares and continues . . . the liability of the person specified in Section 3 is primary. Its enforcement in no wise depends upon the Commonwealth's establishing ante-

cedently that the recipient of the hospital service continues to be indigent. Indeed, the patient's financial position is of no materiality to the enforcement of the liability created by Section 3": Commonwealth v. Zommick, 362 Pa. 299, 301.

What purports to be objection no. 3 is merely a statement of fact and no objection at all. Therefore we shall not discuss it.

Objection no. 5 reads:

"The defendant is entitled to know when and how demand was made upon him to pay these debts."

The liability imposed by section 3 of the act being a direct one, we feel that the filing of a complaint constitutes a sufficient demand, just as with negotiable instruments the presentment is not necessary to charge parties primarily liable.

Objection no. 6 reads as follows:

"The defendant is entitled to know the precise date when the defendant became liable to the plaintiff for services rendered to the defendant's father."

Objection no. 7 reads as follows:

"The defendant is entitled to know the exact amount claimed against him by the plaintiff."

These two objections are clearly answered in exhibit "A" of plaintiff's complaint. At argument defendant also claimed that he is entitled to an itemization of the expenditures of the Commonwealth. The Act of June 1, 1915, P. L. 661, sec. 5, as amended, 71 PS §1785, provides, inter alia, that:

". . . a statement of the Department of Revenue issued under its seal on behalf on any State-owned institution wherein persons are maintained in part at the expense of the Commonwealth, shall be received as prima facie evidence in any court of this Commonwealth, of the amount expended by the Commonwealth for the support or maintenance of any such person, in

any proceeding brought to recover the amount of such maintenance."

Plaintiff has complied with this section as evidenced by exhibit "A" of its complaint.

On this question, in Gemmill's Estate, 48 D. & C. 362, 366, the court stated:

"A further question is raised as to the form of the statement itself, counsel asserting that the statement required should be similar to, and in the same particularity as, a statement of claim filed under the Practice Act of May 14, 1915, P. L. 483. With this conclusion we must also disagree, as both our lower and appellate courts have consistently held that the verified statement is, under the Act of June 1, 1915, P. L. 661, prima facie evidence of expenditures, and, when its correctness is not denied, will be accepted as conclusive proof."

Accordingly, we enter the following

*Order*

Now, September 19, 1960, at 11 a.m., all preliminary objections are dismissed and defendant is required to file an answer within 20 days.